LEE COLLINS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Where a defendant charged with murder in the first degree is granted a change of venue to another county, it is not error to refuse an application for another change of venue where it appears that a fair trial could be had; and where a fair trial was had resulting in a conviction of murder in the second degree, the judgment will be affirmed.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*A. G. Hartridge,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, J.—The plaintiff in error was indicted for murder in the first degree in Calhoun County. There was a change of venue to Jackson County in the same Judicial Circuit. The accused, a colored man, was convicted of murder in the second degree, for killing an

officer, and took writ of error. The only contention here is that the court erred in denying a motion for a change of venue to another circuit made upon the ground that the defendant could not get a fair and impartial trial in the Ninth Circuit, where the alleged crime was committed.

On the application for a second change of venue the defendant made the following affidavit:

"Before me personally appeared Lee Collins who being duly sworn on his oath deposes and says that he is the defendant in the above entitled criminal action, that he has been indicted by the Grand Jury of Calhoun County, Florida, for the offense of murder in the first degree as specifically defined and set forth in said indictment, the said indictment was returned by the said Grand Jury to the Circuit Court of Calhoun County. That said cause upon application of the defendant has been changed to Jackson County in the same Circuit where the cause is now pending, that the crime for which the defendant stands charged was committed in the County of Calhoun in said Circuit; that a fair and impartial trial of said cause cannot be had in said County of Jackson, or in the said 9th, Judicial Circuit for the following reasons: That the feeling existing against the said defendant in Calhoun County was so strong that defendant was not confined in jail in the said County of Calhoun, but was removed to Duval County, and has been confined in said Duval County Jail ever since he was arrested for the commission of said crime. That after the venue was changed to Jackson County, he was taken to Jackson County for arraignment on May 6th, inst., that when he went to said Jackson County it was necessary for a military guard to accompany him. That he was only in Jackson County a few hours, and on account of the strong feeling against him he was taken to Leon County under a military escort;

and the Governor of Florida did not think it advisable to keep him in Leon County and had him returned to Duval County where he is now confined; that he fears that he will not receive a fair trial in the 9th Judicial Circuit of Florida on account of the influence of the family of Dan Hansford who this affiant is charged with having murdered; that the family of deceased is a large and influential one and their influence runs throughout the entire 9th Judicial Circuit; and this affiant further swears that he is odious to the people of the 9th Judicial Circuit of Florida where the deceased was known; that the deceased brother is a deputy sheriff of Calhoun County. That this affiant was informed by Deputy Sheriff Lewis and Finlayson that if he was not lynched before he was tried in Jackson County and the jury failed to find a verdict of murder in the first degree that this affiant would be killed before he could leave the court room."

Affidavits were also presented averring that the two deputy sheriffs who took the defendant to Duval county for safe keping, stated "that in their opinion Lee Collins could not be convicted if he had a fair trial, but that if he was not lynched when they took him back to Marianna, and that a jury failed to find him guilty of murder in the first degree, that Lee Collins would not live to leave the court house."

One of the two deputies referred to testified that the statement made by him was only his opinion at the time; that since then he had talked with relatives of the deceased; that he knows all the people of the county and that he was satisfied the defendant could get a fair trial in the county. He further stated, however, that if the defendant was acquitted he would not say that it would be safe for him to leave by himself and take the train. Several other witnesses who were well acquainted

16—Vol. 64.

with the people and the sentiment of the community with reference to the defendant, testified that in their opinion he could get a fair trial.

There was no error in overruling the motion for a second change of venue. The fact that the accused was convicted of murder in the second degree and does not here complain of anything except the denial of the motion for a second change of venue, shows that there must have been a fair trial and that the defendant has not been harmed personally.

The judgment is affirmed.

SHACKLEFORD, C. J., and TAYLOR, COCKRELL and HOCKER, J. J., concur.